Abraham Fischer, Appellant, v. The Catawissa Railroad Company and The Philadelphia & Reading Railroad Company.

*Railroads—Eminent domain—Effect of filing bond.*

When a sufficient bond with sureties approved by the court has been given by a railroad company to a landowner for land taken and appropriated to railroad purposes, the owner's title to the land is divested, and his only remedy is upon the bond in connection with the statutory remedy for assessment and collection of damages.

After a landowner had begun an action of ejectment against a railroad company for land taken for sidings and additional tracks, the railroad company petitioned for the appointment of viewers and filed a bond which was approved by the court. On an appeal from the report of viewers, the railroad company offered to show that they had entered upon the land with the consent of prior owners, predecessors of the plaintiff in title. The trial judge excluded the offer on the ground that the railroad company was estopped by averments in the petition for approval of the bond and appointment of viewers, and its subsequent conduct, but he permitted

the company to withdraw the petition and bond, and to discontinue all proceedings upon payment of costs and filing an affidavit that the bond and petition were filed under a misapprehension of the facts, and in ignorance of the company's rights in the premises. The order was made without any further hearing to establish the proof of the allegations contained in the affidavit. *Held*, (1) that the order was erroneously made; (2) that plaintiff's right of possession had been divested upon the filing of the bond, and it was then too late to discontinue the proceedings.

Argued March 16, 1896. Appeal, No. 345, Jan. T., 1895, by plaintiff, from order of C. P. Lycoming Co., June T., 1893, No. 390, permitting condemnation proceedings to be discontinued. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Reversed.

Petition to discontinue condemnation proceedings. Before WICKHAM, P. J., of the 36th judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order permitting the railroad company to discontinue the proceedings.

*Henry C. Parsons, Ames & Hammond* with him, for appellant. —When the defendant filed the bond the title of the plaintiff was divested, and the plaintiff's only remedy was on the bond: Fries v. R. R. & Mining Co., 85 Pa. 73; Hoffman's App., 118 Pa. 512; Williamsport R. R. v. Philadelphia & Reading R. R., 141 Pa. 407; Richards v. R. R., 137 Pa. 524.

The defendant was estopped from withdrawing its petition and bond in this case by the allegations contained in its petition, and subsequent conduct: Greenleaf on Evidence, sec. 27; Eldred v. Hazelett's Admr., 33 Pa. 307; Treffeison's Assignment, 3 Kulp, 308.

A party is justified in acting on the clear, positive representation of another, though he had the means of knowing the truth of the matter: 6 Am. & Eng. Ency. of Law, 15; Webster v. Bailey, 31 Michigan 36; David v. Park, 103 Mass. 501; Mead v. Bunn, 32 N. Y. 275.

There is another reason why this decree must be set aside, because it was made on an ex-parte affidavit. The decree of January 22, 1895, was a final decree, for if affirmed by this court

it ends this case : Parsons's Practice in the Supreme Court, section 23 ; Troubat & Haley's Practice, sec. 824 ; Pittsburg's App., 79 Pa. 317.

The issue having been framed for the assessment of the damages, the case attached, a jury sworn, that ends the authority of the trial judge to grant discontinuance, and is governed by well settled legal principles : Pusey's App., 83 Pa. 67 ; Pollock v. Hall, 4 Dallas, 222 ; McCredy v. Fey, 7 Watts, 496 ; R. R. v. Harris, 124 Pa. 215 ; Wood v. Hospital, 164 Pa. 159.

*John G. Reading, Jr.*, for appellees.—The bond is filed in court and it becomes available for the owner only after he shows that he has an interest in the property : Davis v. Ry., 114 Pa. 308 ; Lawrence's App., 78 Pa. 365 ; Warrell v. R. R., 130 Pa. 600 ; Schuylkill etc. Nav. Co. v. Decker, 2 W. 343 ; McFadden v. Johnson, 72 Pa. 335.

The owner's right to damages for the trespass is a vested right of which he cannot be deprived, but as to that use which is yet to come, the legal remedy for appropriation and compensation may be exercised by either party : McClinton v. Ry., 66 Pa. 404 ; Graham v. R. R., 145 Pa. 504.

The action of ejectment is still pending. If plaintiff recover a verdict therein, he will still have a full and complete remedy at law for any and all damages he may have sustained, as well as for compensation for the future occupation of his land. All that the order of the court has done is to decide that the plaintiff cannot recover in this particular action, because said action was commenced by mistake and under a misapprehension.

The court had power to direct the discontinuance of the proceedings in the case at bar : Huckestine v. Allegheny City, 165 Pa. 367 ; Lewis on Eminent Domain, sec. 355 ; Brisbine v. St. Paul & Sioux City R. R., 23 Minn. 114 ; Wilcox v. St. Paul & North Pacific R. R., 35 Minn. 439 ; Allyn v. Providence & R. R., 4 R. I. 457 ; Loss v. Obry, 22 N. J. Eq. 52 ; Hurd v. Hall, 12 Wis. 112 ; High on Injunctions, sec. 42 ; Strong's Eq. sec. 885.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 25, 1896 :

This case came into the court below on plaintiff's appeal from the award of viewers assessing his damages for land taken by

the Catawissa Railroad Company, one of the defendants, for the purpose of constructing additional tracks and sidings.

The strip of land, for the taking of which said damages were assessed, is the same land for which the plaintiff had previously (October, 1892) brought an action of ejectment against the defendant companies above named. That case, having been put at issue, was set down for trial at the next ensuing May term of court. On the eve of trial, May 1, 1893, said Catawissa Railroad Co. presented its petition, in due form, setting forth, among other things, "that it has located and determined a route for the construction of additional tracks, and sidings, necessary for the business and traffic of said railroad company, in pursuance of its act of incorporation," etc., to which was attached a draft of the said plaintiff's land, so to be taken, etc., and further averring, in substance, that it had tendered him a bond with sureties in $1,000, conditioned, etc., in due form, which he refused to accept, and praying that the same be approved and filed in court for the benefit of said Abraham Fischer, etc. On same day, the court noted on the record of the action of ejectment, "not to be brought forward without leave of court;" and thereupon the bond was approved, filed and viewers were appointed as prayed for. On the coming in of the viewers' report, Fischer appealed therefrom; and, in framing the issue, the court directed "that the plaintiff (Fischer) shall file a statement of his claim for damages sustained by reason of the taking by the defendant of the land described in the petition, and the defendant shall enter a plea of not guilty," all of which was accordingly done.

We have thus recited, at considerable length, the salient facts and circumstances leading up to the issue in plaintiff's appeal from the award of the viewers in the condemnation proceedings, for the purpose of more clearly presenting the legal status of the parties to the action of ejectment, and the subsequent proceeding by which the same land was taken under the right of eminent domain.

When the Catawissa Railroad Co.'s bond for the benefit of Abraham Fischer was approved and filed, and viewers were appointed to assess his damages for the land taken and appropriated to railroad purposes, Fischer's title to the land was divested and his only remedy was upon the bond, in connection

with the statutory remedy for assessment and collection of damages: Fries v. Railroad etc., 85 Pa. 73; Hoffman's Appeal, 118 Pa. 512; Williamsport Railroad Co. v. P. & R. R. Co., 141 Pa. 407. As was said in Hoffman's Appeal, supra, " When a sufficient bond with sureties approved by the court has been given, the company acquires as clear and perfect right to the easement as if it had paid therefor in cash. The landowner's remedy is upon the bond, in connection with the statutory provisions for assessment and collection of damages." These are, as it were, substituted for the land, and to them alone the owner must look for his constitutional compensation.

The issue in the condemnation proceedings appears to have been twice tried. On the last trial, after plaintiff had closed his case, the defendants offered to show that they had entered upon the land in question and constructed their tracks with the consent of prior owners, predecessors of the plaintiff in title, etc. The learned judge, who specially presided at the trial, excluded the offer on the ground that defendants were estopped by averments in the petition for approval of the bond and appointment of viewers, and their subsequent conduct, but he permitted them to withdraw the petition and bond, and to discontinue all proceedings upon payment of costs and filing an affidavit that the bond and petition were filed under a misapprehension of . the facts, and in ignorance of their rights in the premises. This action appears to have been taken without any hearing or proof establishing the truth of the allegations contained in the affidavit, and without affording plaintiff any opportunity of showing that they were unfounded in fact.

But, aside from the lack of proof to sustain the averments contained in defendant's affidavit, etc., we think the learned trial judge erred in making the order complained of. It was unwarranted by any act of assembly or by any of our rulings in the class of cases to which this belongs. As shown by the cases above cited, the effect of the proceedings deliberately instituted by one of the defendants, including the approval and filing of the bond, appointment of viewers, etc., was to divest plaintiff's right to the possession of the land taken, and remit him to his claim for compensation, under the constitution, secured by the bond, etc. Not only had a divestiture of plaintiff's right of possession been effected, but, after the approval and

filing of the bond defendants were in the actual and rightful possession of the land in question. Under all our decisions it was then too late to discontinue the proceedings: Wood v. State Hospital, 164 Pa. 159; Williamsport, etc. R. Co. v. P. & E. R. Co., 141 Pa. 407, and cases there cited. It follows from what has been said that the order complained of was erroneously made, and should therefore be reversed and wholly set aside.

It is accordingly adjudged and decreed that the order or decree of the court below permitting the withdrawal of the petition and bond and authorizing the discontinuance of the proceedings for assessment of plaintiff's damages, etc., be and the same is hereby reversed and set aside, and that the said proceedings be fully reinstated with a procedendo; and, it is further ordered that all the costs including the costs of this appeal be paid by the defendants.