In re Petition of Lake Erie Limestone Company and William Davis for Lateral Railroad. Carbon Limestone Company's Appeal.

*Railroads—Lateral railroads—Bond—Appeals.*

In proceedings under the lateral railroad law an appeal from an order directing a bond to be filed before the viewers have reported is premature, and will be quashed.

*Railroads—Lateral railroads—Filing of bond—Eminent domain—Acts of May 5, 1832, April 20, 1858, and February 17, 1871.*

Under the lateral railroad Act of May 5, 1832, P. L. 501, sec. 3, as amended by the Act of April 20, 1858, P. L. 361, sec. 1, the necessity for the exercise of the right of eminent domain is not determined by the petitioners, but by the viewers with the approval of the court, or by the verdict of a jury upon an appeal, and until this preliminary requisite has been established no entry on the land is authorized. The proper practice therefore is to defer the filing of the bond until after the court has approved the report of the viewers; or in case of an appeal, until after the verdict of a jury, which under the Act of February 17, 1871, P. L. 56, may decide the fundamental question of necessity against the petitioner.

Argued Oct. 20, 1898. Appeal, No. 160, Oct. T., 1898, by the Carbon Limestone Company, from order of C. P. Lawrence Co., Sept. T., 1898, No. 25, directing bond to be filed in lateral railroad proceedings. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Appeal quashed.

Petition for right to construct lateral railroad.

From the record it appeared that on June 23, 1898, the court dismissed exceptions to the petition, made an order directing a bond to be filed by petitioners and appointed viewers. On July 1, 1898, before the viewers reported, a bond for $3,000 was approved. On July 7, 1898, the following entry was made upon the record:

Now, July 6, 1898, we hereby certify this case to the Supreme Court, the amount being over $1,000, and, further, we refuse the application for a supersedeas in this case and suggest that the counsel for the Carbon Limestone Company forthwith present this application to the Supreme Court of Pennsylvania, or one of the judges thereof, for a determination of this question.

*Errors assigned* were (1) order directing bond to be entered; (2) order approving bond.

*B. A. Winternitz*, with him *C. H. Akens* and *John G. Mc-Conahy*, for appellant.—While this is an appeal in name, by virtue of the act of May 9, 1889, it is in legal effect a certiorari: Rand v. King, 134 Pa. 641; Christner v. John, 171 Pa. 527; Harris on Certiorari, sec. 1.

The certiorari brings up for revision or correction the regularity of the proceedings in the court below: Appeal of School District, 172 Pa. 81.

The general rule is that where a new jurisdiction is created by statute, and the court or judge exercising it proceeds in a summary method or in a new course different from the common law, certiorari is the proper remedy: Ruhlman v. Com., 5 Binn. 26; Com. v. Beaumont, 4 Rawle, 366; Hagerty's Case, 4 Watts, 305; Appeal of Commissioners, 57 Pa. 452; Mifflin Twp. v. Elizabeth, 18 Pa. 17; Pittsburg Nat. Bank v. Shoenberger, 111 Pa. 95; Gosline v. Place, 32 Pa. 520; Willing v. Baltimore R. R., 5 Wh. 460; Chase v. Miller, 41 Pa. 403.

The question at what stage of the proceedings and under what circumstances the case should be required, by certiorari or otherwise, to be sent up for review is left to the discretion of this Court as the exigencies of each case may require: American Const. Co. v. Ry., 148 U. S. 372; Forgay v. Conrad, 6 How. 201; Winthrop Iron Co. v. Meeker, 109 U. S. 180; Gosline v. Place, 32 Pa. 520; Berger v. Smull, 39 Pa. 302; Grieb v. Kuttner, 135 Pa. 281; Weil v. Frauenthal, 103 Pa. 317; Com. v. Reiser, 147 Pa. 342; Rand v. King, 134 Pa. 641; Bredin v. Ry., 165 Pa. 262; Com. v. Judges, 3 Binn. 275; Pontius v. Nesbit, 40 Pa. 309; Grubbs's App., 82 Pa. 23; Adams v. Bush, 5 Watts, 289.

The certiorari in this case was specially allowed and the record is, therefore, properly before this court: Wallace v. Jameson, 179 Pa. 94.

*M. McConnell*, with him *D. B. & L. T. Kurtz*, for appellees.—The appeal is premature. The order of the court appointing viewers and the order approving petitioners' bond are interlocutory: Horner & Robinson's Lateral Railroad, 37 Pa. 333; Hall's App., 56 Pa. 238; Slocum's App., 12 W. N. C. 84; National Transit Co. v. United States Pipe Line Co., 180 Pa. 224; Lauer v. Lauer Brewing Co., 180 Pa. 593; Brown v. Peterson, 40 Pa. 373; Hays v. Briggs, 74 Pa. 373.

OPINION BY MR. JUSTICE MITCHELL, November 14, 1898:

This appeal is premature, and it is clear that the appellant is not in the danger that it anticipates. There can be no entry on its land or commencement of the railroad until the viewers have determined the necessity of the road, and the court has approved their report. In this respect the proceedings under the lateral railroad acts differ from those under the general railroad laws. Corporations having the full power of eminent domain determine for themselves in advance the necessity and occasion for its exercise. Hence it is held that on the filing of a sufficient bond to secure damages the title to the land is divested and the corporation is authorized to enter and construct its road: Fischer v. R. R., 175 Pa. 554. But under the lateral railroad acts the necessity is not determined by the petitioner, but by the viewers with the approval of the court, or by the

verdict of a jury upon an appeal, and until this preliminary requisite has been established, no entry on the land is authorized. By the Act of May 5, 1832, sec. 3, P. L. 501, the ground could not be broken or the construction of the road commenced until the damages reported by the viewers or awarded by the jury were tendered or paid to the landowners. But by the Act of April 20, 1858, sec. 1, P. L. 361, " when in the opinion of the court the road is necessary . . . . it shall be lawful for the petitioner upon giving bond, to be filed with the petition . . . . to proceed in the opening," etc. This apparent assimilation of the proceedings to those under the general railroad laws has given rise to the difficulty or doubt in the present case. But it is clearly unfounded. The words " to be filed with the petition," used in regard to the bond, mean no more than " to be filed in the proceedings," for it is not to be filed until the court is of opinion that the road is necessary for public or private use, and this opinion must be founded on and in confirmation of the report of the viewers. If the viewers report against the necessity of the road there will be no occasion for a bond, and even if they should report favorably, the court is without means of determining the proper amount of the bond until the viewers have by their report fixed at least an approximate prima facie amount for the damages.

The proper practice therefore is to defer the filing of the bond until after the court has approved the report of the viewers, or in case of an appeal, until after the verdict of the jury, which, under the Act of February 17, 1871, P. L. 56, may decide the fundamental question of necessity against the petitioner.

In the present case the bond was filed at the same time as the petition, and was approved by the court. This was premature, but it did the appellant no harm. It was without effect in authorizing an entry on the land until the necessity of the road is settled. If upon the coming in of the viewers' report the bond should appear to be insufficient in amount or otherwise exceptionable, the court has ample power to require it to be enlarged or corrected or a new one filed before entry on the land.

The present appeal being before the termination of the proceedings in the court below was premature and must therefore be quashed.

Appeal quashed.