## Scott *v.* Central Valley Railroad Company, Appellant.

*Railroads—Eminent domain—Condemnation proceedings—Bond—Incorporation of company—Evidence—Experts.*

Where a railroad company has filed a bond to secure the payment of damages for land condemned, and the bond has been approved by the court, title to the easement passes to the railroad company, and the landowner's remedy is upon the bond in connection with the statutory provisions for assessment and collection of damages.

Witnesses called in condemnation proceedings are competent to express an opinion upon values, where it appears that they resided in the immediate neighborhood, had been well acquainted with the property prior and subsequent to the entry of the railroad, knew its surroundings and the improvements on it, knew the general value of lands in the immediate vicinity of like character, and of such sales as had been made, together with the general asking value of similar property in that neighborhood.

Argued Feb. 25, 1907.     Appeal, No. 14, Jan. T., 1907, by defendant, from judgment of C. P. Luzerne Co., June T., 1902, No. 99, on verdict for plaintiff in case of Bridget Scott v. Central Valley Railroad Company.     Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.     Affirmed.

Appeal from award of jury of view.     Before WHEATON, J. The facts are stated in the opinion of the Superior Court.

*Errors assigned* were (1, 2) in admitting the testimony of M. J. Tigue and W. J. Devanney ; (3) in refusing binding instructions for defendant.

*Cormac Francis Bohan*, with him *John T. Lenahan*, for appellant.—The witness was incompetent: Hope v. R. R. Co., 211 Pa. 401; Dawson v. Pittsburg, 159 Pa. 317; Gallagher v. Kemmerer, 144 Pa. 509; Shimer v. Easton Ry. Co:, 205 Pa. 648; Friday v. Penna. Railroad Co., 204 Pa. 405 ; Michael v. Crescent Pipe Line Co., 159 Pa. 99 ; Pittsburg, etc., Railway Co. v. Vance, 115 Pa. 325.

*W. L. Pace*, with him *M. N. Donnelly*, for appellee, cited :

Hope v. R. R. Co., 211 Pa. 401; Jones v. R. R. Co., 151 Pa. 30; Pittsburg & Lake Erie R. R. Co. v. Robinson, 95 Pa. 426; McElheny v. McKeesport, etc., Bridge Co., 153 Pa. 108; Curtin v. Nittany Valley R. R. Co., 135 Pa. 20; Mewes v. Crescent Pipe Line Co., 170 Pa. 364; Michael v. Crescent Pipe Line Co., 159 Pa. 99; Pennock v. Crescent Pipe Line Co., 170 Pa. 372; Leiby v. Clear Spring Water Co., 205 Pa. 634; Smith v. R. R. Co., 205 Pa. 645; Hope v. Phila., etc., R. R. Co., 211 Pa. 401; Hewitt v. R. R. Co., 19 Pa. Superior Ct. 304.

OPINION BY ORLADY, J., April 15, 1907:

The defendant company made a location for a railroad through the plaintiff's land, pursuant to its charter rights, and by its representatives endeavored to secure a right of way from her; failing in this a bond was tendered which the plaintiff refused to accept, and on May 19, 1902, the bond was filed in the court of common pleas of Luzerne county, with surety in the usual form, under the provisions of the act of the general assembly in such case made and provided. After full consideration of the case by the court (the right of the company to enter upon the land under its right of eminent domain not being questioned), the bond was approved, when the defendant company entered into possession of the premises described in the bond and map attached thereto. The security being given in due course of law the grasp of the owner upon his property is loosed by the constitution itself, and, consequently, the easement acquired passes freed from his power to obtain payment otherwise than upon the bond, and the proceeding by assessment of damages given by law: Semple v. R. R. Co., 172 Pa. 369. When a sufficient bond with sureties approved by the court has been given, the company acquired as clear and perfect right to the easement as if it had paid therefor in cash. The landowner's remedy is upon the bond in connection with the statutory provisions for assessment and collection of damages: Fischer v. R. R. Co., 175 Pa. 554; Katharine Water Co., 32 Pa. Superior Ct. 94; Com. v. Shaffer, 32 Pa. Superior Ct. 375. The incorporation of the company, and its power to assert the right of eminent domain as against the land of the plaintiff described in its bond and map, were adjudicated by the approval of the bond, and on the trial of the

issue in the court it was not necessary to affirmatively prove the defendant's incorporation, inasmuch as under the rules of court of that county it is provided, that in all actions by or against corporations it shall not be necessary on the trial to prove the incorporation, but the same shall be taken to be admitted as alleged on the record, unless one or more of the defendants shall by affidavit, filed at or before plea, deny the existence of the incorporation as alleged, etc.; that was not done, and the trial proceeded in due order.

The first and second assignments of error are earnestly urged upon our attention, as it is insisted that the two witnesses, Tigue and Devanney, did not show sufficient knowledge of the subject-matter of the inquiry to qualify them to give an opinion of the value of the property in question. After the jury had been sworn they were sent by the court to view the premises, so as better to understand the testimony adduced on the trial. The question of the competency of such witnesses is always for the court, as a matter of law, and in this case they were examined and cross-examined at great length, and were held to be possessed of sufficient knowledge to allow them to express their opinion of the value of the property : Friday v. Penna. R. R. Co., 204 Pa. 405. This whole question has been so fully considered by the Supreme Court in Hope v. Philadelphia & Western R. R. Co., 211 Pa. 401, that nothing would be gained by a repetition of what is there said, or of the authorities there collated. In Lally v. Central Valley R. R. Co., 215 Pa. 436, it was said, the market value of land, even in cities, is not capable of exact proof like that of stock, or the staple commodities of trade, such as flour, sugar or pig iron. At best it is a matter of opinion, not strictly of experts, but of those who are shown to be familiar with the neighborhood, the situation and availability of the particular tract, the buying and selling value as shown by such sales or transactions as have occurred under circumstances to make them fair bases for inference as to the particular matter in issue. In neighborhoods where sales are few and at long intervals, it would be unfair and impracticable to require as full and detailed knowledge on the part of witnesses as in other localities where sales are frequent and of public interest and attention. Opinion of any kind is a poor quality of evidence, and where admissible at

all it is only so because it is the best that is available. In all questions of competency on that subject there must be a sliding scale, the only standard of which is that the witness shall have such knowledge of the subject-matter as can be reasonably expected in view of the circumstances of the particular case. In Galbraith v. Philadelphia Co., 5 Pa. Superior Ct. 178, Judge WICKHAM for this court said: "It would be unfair to the court below and to the plaintiff to reverse merely on an inference that these witnesses perhaps may have been devoid of some knowledge of details which, looking at their answers to the questions asked and their environments, they could not be reasonably supposed to lack. As to their knowledge of values, the fact that it was derived from hearsay does not render it unavailable for or against either party to the suit. A moment's reflection will show that most of the knowledge any of us have, or can have, on this subject comes from the same source. Buyers and sellers do not usually call in outsiders to aid them in their bargaining. Sales of lands, as well as prices asked and received, are generally made known to those not directly interested by the common talk of the neighborhood, in the same way that the reputations of men are established."

Both of these witnesses resided in the immediate neighborhood, had been well acquainted with the property prior and subsequent to the entry of the railroad, knew its surroundings and the improvements on it, knew the general value of lands in the immediate vicinity of like character, and of such sales as had been made, together with the general asking value of similar property in that neighborhood. They knew as much as anyone could in fact know of the market value of this land, were able to fix definite values on the property before and after the taking. The view of the jury of the premises enabled them to give due weight to their testimony. The question of values and the measure of damages were submitted to the jury with great care by the trial judge, and we find no merit in any of the assignments of error.

The judgment is affirmed.