## Ferguson's Petition.

*Railroads—Eminent domain—Causeway—Act of February 19, 1849, P. L. 79.*

1. A petition for the appointment of viewers to assess damages sustained by reason of the neglect and refusal of a railroad company to make a good and sufficient causeway, is premature, and will not be granted where it appears that the railroad company has not, without vexatious or malicious delay, finally completed its work of construction upon the petitioner's land.

2. Under the Act of February 19, 1849, P. L. 79, a railroad company is required to build a sufficient causeway to enable the occupant of land "to pass over the same with wagons, carts and implements of husbandry." It is not required to construct a causeway adequate for the passage over it of locomotives, coal cars, tram cars, and other machinery, utensils, tools and equipments necessary to enable the owner to properly and profitably mine and transport coal which is upon the land. If an owner has been injured by reason of the construction of a railroad interfering with the mining and transportation of his coal, his damages must be ascertained through the jury of view appointed to determine the general damages which have resulted from the construction of the railroad.

Argued October 10, 1912. Appeal, No. 200, Oct. T., 1912, by William N. Ferguson and Samuel F. McGary, from order of C. P. Armstrong Co., June T., 1912, No. 74, dismissing petition for the appointment of viewers in re Petition of William N. Ferguson, et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for the appointment of viewers.

1913.]       Statement of Facts—Opinion of the Court.

The material portions of the averment are set forth in the opinion of the Supreme Court.

The court dismissed the petition.

*Error assigned* was order dismissing the petition.

*C. E. Harrington* and *John S. Ferguson,* with them *H. M. Scott* and *H. P. Boarts,* for appellants, cited: East Penna. R. R. Co. v. Hiester, 40 Pa. 53; Port v. R. R. Co., 168 Pa. 19; Davis v. R. R. Co., 26 Pa. C. C. R. 527; Buck Mountain Coal Co. v. Coal and Navigation Co., 5 Luzerne Leg. Reg. 51.

*Edwin E. Tait,* with him *John S. Porter,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 6, 1913:

It would be quite sufficient to say, in vindication of the court's action in dismissing appellant's petition, that the petition contemplated a proceeding unauthorized by statute. The recovery of damages for the appropriation of land under right of eminent domain is a matter regulated by statute entirely, and the method provided by the statute for the recovery must be strictly pursued. Petitioners are the owners of a certain tract of land in South Buffalo Township in Armstrong County, upon and over which the Pittsburg & Shawmut Railroad Company, at the time of the filing of the petition, was engaged in constructing its line of railroad. Proceedings were pending for the assessment of damages sustained by petitioners in consequence of the appropriation of part of their land for such purpose, when petitioners, on the 21st of March of the present year, applied for the appointment of viewers to assess damages which had resulted from the railroad company's neglect and refusal "to make or cause to be made a good and sufficient causeway to enable petitioners to cross and pass over its railroad with wagons, carts, implements of husbandry, locomotives, horses, animals, coal cars, tram

cars and other machinery, utensils, tools and equipment reasonably necessary, useful and proper to enable petitioners to properly and profitably cultivate and transport said valuable merchantable coal, minerals, stone, clays, etc." The petition in an earlier part averred that the tract of land contained large and valuable deposits of coal; and that the railroad as constructed, or about to be constructed, would not only prevent convenient access to the coal for mining purposes, but, except as a causeway be constructed in a given place and after the manner of an elevated draw-bridge, which would admit of being lowered as occasion might require, in order to permit petitioner's pit cars, buggies, locomotives, etc., to pass over to other portion of the tract and particularly to petitioner's landing place on the river, one of the boundaries of the tract, the petitioners would be unable to economically, efficiently and practically operate their mine and transport their coal. "Wherefore," concluded the petition, "petitioners pray the court to appoint seven (by amendment changed to three) discreet and disinterested freeholders of said county, to ascertain and assess all damages sustained by the petitioners in consequence of the neglect and refusal of the railroad company to make or cause to be made a good and sufficient causeway to enable petitioners to cross or pass over said railroad with wagons, carts, implements of husbandry, locomotives, horses, animals, coal cars, tram cars, etc."

The petition shows a clear misapprehension of the several provisions of the statute governing such matters, and of the respective rights of land owner and railroad company as well. The statute requires of a railroad company that has condemned land for its right of way, and in constructing its railroad has bisected the tract, that it shall make or cause to be made and thereafter maintain, "a good and sufficient causeway or causeways whenever the same shall be necessary to enable the occupant or occupants of said land to cross or pass over

the same with wagons, carts and implements of husbandry, as occasion may require," with this proviso, "that the said company shall, in no case be required to make or cause to be made, more than one causeway through each plantation or lot of land, for the accommodation of any one person owning or possessing land through which the said railroad may pass." Then we have this further provision: "And if the said company shall neglect or refuse, on request, to make such causeway or causeways, or when made, to keep the same in good order, the said company shall be liable to pay any person aggrieved thereby all damages sustained by such person in consequence of such neglect or refusal; such damages to be assessed and ascertained in the same manner as provided in the last section for the assessment of damages." The reference here is to assessment by a jury of viewers to be appointed by the court.

It is quite evident that the refusal or neglect of the railroad company to build the causeway required, can be affirmed, so as to afford the remedy provided, only upon and after the final completion of the work of construction upon the complainant's land. While the work is there in progress, the company is not only in exclusive possession but it alone has the right to determine where and in what manner each item of work is to be accomplished. The road when constructed must show a sufficient causeway within the meaning of the statute. Except as it does so, the owner may enforce his right to a causeway, and, independently of other proceedings which may have been had for the assessment of damages by reason of the taking of the land, may have a separate view to assess the damages which resulted from the company's neglect or refusal in this regard. But until then the owner has no standing to enforce a request or demand for a causeway, except perhaps as he can show that its construction has been delayed vexatiously, wantonly and maliciously, to his special injury. In the present case admittedly when the petition was filed, the

railroad company was engaged in the construction of its road upon petitioner's land.

Again, the petition demands damages for failure on the part of the railroad company to do what is not required of it by any statute. The statute does not require a causeway to be built adequate for any and all purposes for which the owner may desire to use his land. What it does require is a sufficient causeway to enable the occupant of the land "to pass over the same with wagons, carts and implements of husbandry," thus showing unmistakably that all that is required is a causeway sufficient to admit of the divided parts of the tract being used for agricultural purposes by the occupant, as a whole. The petitioners ask for the ascertainment of damages resulting from the company's failure to construct a causeway adequate for the passage over it of the locomotives, coal cars, tram cars, and other machinery, utensils, tools and equipments necessary to enable them to properly and profitably mine and transport coal which is upon the land. Assuming it to be true that such causeway would be inadequate to, and would prevent, the profitable mining and transporting of the coal on petitioner's land, to whatever extent this circumstance would impair the market value of the land, taken as a whole, petitioners would be entitled to compensation in damages. Such damages, however, are to be ascertained through a jury of view appointed to determine the total damages that have resulted from the construction of the railroad. The jury of view already appointed by the court for this purpose is the tribunal to pass on this particular question, and its jurisdiction can be neither enlarged nor reduced by any order of the court.

The assignment of error is overruled, and the order of the court is affirmed at costs of appellants.