# Ferguson, Admr., *v.* The Pittsburgh & Shawmut Railroad Company, Appellant.

*Eminent domain—Railroad companies—Title—Damages—Measure of damages.*

1. When the road of a railroad company has been located and its location formally adopted by the directors, title passes to the company as against rival corporations, and when thereafter a bond to secure the damages has been given and accepted by the owner or approved by the court the title to the right of way passes to the corporation, and the owner of the property is confined to his remedy upon the bond in connection with the statutory provisions for assessment and collection of the damages.

2. After the commencement of condemnation proceedings, a railroad company cannot, without plaintiff's consent, diminish the amount of damages by conceding any of the rights which it has acquired by such proceedings, or by a discontinuing or abandoning the whole or any part of the right of way or any right acquired below or above the surface. The principal and surety on the bond are fixed for the amount of damages sustained as of the date of the appropriation and all such damages the owner is entitled to recover, irrespective of whether the railroad company exercises all the rights which it acquired.

3. In determining the amount of damages due in condemnation proceedings, a railroad company should not be allowed to defeat the claim for damages or diminish to any extent the amount thereof by being permitted to concede or grant to the plaintiff an overhead crossing or tramway or any other rights which the defendant acquired by the condemnation proceedings.

4. In condemnation proceedings for railroad purposes, it appeared that plaintiffs were the owners of three contiguous tracts of land which they had acquired from different owners, that the railroad right of way crossed one of such tracts only, that the three tracts were valuable as one coal proposition which could be advantageously worked from an opening on the smaller tract, crossed by the railroad, and that by means of the construction of the

railroad access from such opening to a navigable river was interfered with. The railroad company contended that in the assessment of the damages the plaintiffs should be confined to the tract over which the railroad was located and constructed. The court allowed the jury to assess the damages occasioned the three tracts considered as one coal proposition and instructed the jury that in arriving at their verdict they must consider the particular and special advantages accruing to and affecting the value of plaintiff's land by reason of the presence of railroad and the facilities which it afforded. *Held,* that defendants were sufficiently protected by the charge and a verdict for plaintiff was sustained.

Argued Sept. 29, 1915. Reargued March 13, 1916. Appeal, No. 229, Oct. T., 1915, by defendant, from judgment of C. P. Armstrong Co., June T., 1910, No. 114, on verdict for plaintiffs, in case of W. N. Ferguson and John C. Harper, administrators of Samuel F. McGary, deceased, v. The Pittsburgh & Shawmut Railroad Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from award of viewers in condemnation proceedings. Before KING, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $9,542 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing defendant's motion to withdraw amendment to petition for award of viewers, ruling on evidence, instructions to the jury, answers to points, in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Edwin E. Tait* and *Edgar W. Tait,* for appellant.—Defendant should have been permitted to reduce the damages by allowing plaintiff facilities which would give it access to the railroad: Pittsburgh & Lake Erie R. R. Co. v. Robinson, 95 Pa. 426; Olanta Coal Mining Co. v. Beech Creek R. R. Co., et al., 144 Fed. Repr. 150.

It was error to permit the several tracts of land to be considered as one in the estimation of damages; only the tract crossed by the railroad should have been considered: White, et al., Trustees, v. Metropolitan West Side R. R. Co., 154 Ill. 620 (39 N. E. Repr. 370); Wellington, et al., v. Boston & Maine R. R. Co., 164 Mass. 380 (41 N E. Repr. 652); Gibson v. Fifth Ave. & High St. Bridge Co., 192 Pa. 55; Wilcox v. St. Paul & Nor. Pac. Ry. Co., 35 Minn. 439 (29 N. W. Repr. 148); Harrisburg & Potomac R. R. Co. v. Moore, 4 W. N. C. 532; Pennsylvania Co. for Ins. on Lives & Granting Annuities, Trustees, v. Penna. Schuylkill Val. R. R. Co., 151 Pa. 334.

*C. E. Harrington,* with him *Harry C. Golden,* for appellees.—Under the plaintiff's evidence, it was proper to consider the three tracts as a whole: Baker v. Penna. R. R. Co., 236 Pa. 479; Potts, et al., v. Penna. Schuylkill Val. R. R. Co., 119 Pa. 278; Rudolph v. Penna. Schuylkill Val. R. R. Co., 186 Pa. 541; Fischer v. Catawissa R. R. Co. & Philadelphia & Reading R. R. Co., 175 Pa. 554; Scott v. Central Valley R. R. Co., 33 Pa. Superior Ct. 574; York Valley Lime Company's Petition, 18 York Leg. Rec. 129; Gearhart v. Clear Spring Water Co., 202 Pa. 292; Marine Coal Co. v. Pittsburgh, McKeesport & Youghiogheny R. R. Co., 246 Pa. 478.

OPINION BY MR. JUSTICE MESTREZAT, May 15, 1916:

This is a condemnation proceeding to determine the damages which the plaintiffs sustained by reason of the location and construction of the defendant's railroad over their land in South Buffalo Township, Armstrong County. In 1904, the plaintiffs were the owners of the tract of land which contained eighty-three acres lying on the west side of and adjacent to the Allegheny river. They owned all the land in fee except about twenty acres in which they owned the coal and certain mining rights on the surface above it. The coal lies between the two pieces owned in fee by the plaintiffs, and is contiguous

to and connected with the coal under those tracts. The smaller of the two tracts, containing about four acres, fronts seventy-six feet on the Allegheny river; the coal tract, containing about twenty acres, lies immediately west thereof; and the other tract, containing about sixty acres, lies west of and contiguous to the latter tract. With the exception of about one acre of the smallest piece, there is coal under the entire tract. The defendant's right of way passes over the small tract, and parallel with and a short distance from the Allegheny river. In addition to the right of way which is about one hundred and sixty-eight feet in length and sixty feet in width, the defendant appropriated an additional strip, thirty-three feet wide and west of and adjoining the right of way, for the purpose of replacing a highway which was destroyed by the construction of the railroad.

On April 18, 1910, the defendant company presented its petition to the Court of Common Pleas of Armstrong County averring, inter alia, that it had located and adopted a route for its railroad through the four-acre tract, that it had been unable to agree with the owners as to the amount of damages they would be entitled to receive for the land taken for its road and for the additional strip for a highway, and prayed the court to approve and direct its bond to be filed for the benefit of the plaintiffs or the parties interested in the land. The prayer of the petition was granted. On February 3, 1913, on application of plaintiffs, the court appointed viewers to assess the damages sustained by the appropriation of the land by the defendant company, and, on September 9, 1914, their report was presented to the court and filed, awarding damages to the plaintiffs. On March 12, 1913, the defendant presented its petition to the Common Pleas and asked and was granted leave to amend its former petition and bond by changing the description of the land so as to include the entire tract of eighty-three acres owned by the plaintiffs. At the beginning of the trial of the cause in the Common Pleas,

counsel for the defendant moved to withdraw the amendment made to its first petition and the bond, but the motion was denied, and the case went to trial to determine the damages resulting to the entire tract of eighty-three acres by the appropriation of the land for the right of way and the additional strip for replacing the old highway. There was a verdict for the plaintiffs, and the defendant moved to set it aside and to enter judgment non obstante veredicto, which motion the court refused. The defendant has appealed.

The appellant states the questions involved to be: Can damages be recovered in condemnation proceedings where land, at the time of appropriation, had not been opened for mining; and whether its motion for judgment non obstante veredicto should have been discharged. At the beginning of its printed argument the defendant says that this appeal is from the order of the trial court discharging a rule for judgment non obstante veredicto in favor of the defendant. Were we to confine our review of the case to these questions, which we might do, Willock v. Beaver Valley R. R. Co., 229 Pa. 526, we would dismiss the appeal without any discussion. The evidence discloses that there is no merit in either of them, and this is so apparent as to render discussion wholly unnecessary.

The defendant company, on November 4, 1914, moved the court for leave to amend its petition so as to concede to plaintiffs, as the owners of the land, an eight-car siding on the west side of its main track, the right in plaintiffs to construct and maintain a tramway leading from the mouth of their coal opening to the proposed siding, the right in plaintiffs to construct and maintain across the defendant's right of way a trestle upon bents stationed within the right-of-way lines subject to proper and sufficient clearance for the defendant's tracks, and an eight-car siding along the easterly side of its roadbed and between that and the river. The motion was denied, and this is assigned as error. In other words, the de-

fendant proposed to construct sidings on both sides of its road and to grant to the plaintiffs the right to construct a trestle or tramway across its right of way, at such height and in such manner as required by its chief engineer, to enable the plaintiffs to carry their coal and the products of their land from their property to the Allegheny river. The purpose, of course, was to diminish the damages which the plaintiffs sustained by the defendant's appropriation of their land for the right of way for its railroad through their premises. The court refused to permit the amendment and rejected evidence of such concession on the trial of the cause. The court also held and instructed the jury that in the assessment of damages they should consider the three pieces of land as one tract. The assignments alleging error in these rulings raise the principal and controlling questions in the case.

We think the court correctly disposed of both questions. The effect of the acceptance of a bond by the owner of the premises or the approval of a bond by the court to secure the payment of damages to the landowner for land taken under the right of eminent domain is well settled by numerous decisions of this court. The location of the route by a railroad company and its adoption by the president and board of directors assures the title to the company as against rival corporations. When thereafter a bond to secure the damages has been given and accepted by the owner or has been approved by the court, the title to the right of way passes to the corporation: Fries v. Southern Penna. R. R. & Mining Co., 85 Pa. 73; Hoffman's App., 118 Pa. 512; Johnston v. Callery, 173 Pa. 129, and the owner of the land can no longer look to it for compensation for the damages he has sustained. He is confined to his remedy upon the bond in connection with the statutory provisions for assessment and collection of the damages: Hoffman's App., 118 Pa. 512. If the bond is worthless, or insufficient in amount to compensate him for his injuries, he is without remedy.

The company holds the right of way free and discharged from any lien or right to enforce the claim against it, and if the title to the easement passes from the corporation by reason of insolvency, sale or otherwise, it is clear of any and all liability for the damages sustained by the owner by reason of the appropriation.

The title which the company acquires by condemnation proceedings has frequently been under consideration by this court, and we have uniformly adhered to the doctrine announced in Penna. Schuylkill Val. R. R. v. Reading Paper Mills, 149 Pa. 18, 20, that "such title is sometimes called an easement, but it is a right to exclusive possession, to fence in, to build over the whole surface, to raise and maintain any appropriate superstructure including necessary foundations and to deal with it within the limits of railroad uses as absolutely and as uncontrolled as an owner in fee." It is clear, therefore, that with the approval of the bond by the Court of Common Pleas of Armstrong County, the title of the plaintiffs to the land appropriated passed to the defendant company, and it acquired the right to exclusive possession of the land so far as necessary for railroad purposes, and for such purposes to build over the surface and to raise and maintain any appropriate superstructure thereon as absolutely and as uncontrolled as an owner in fee.

The present proceeding was instituted for the purpose of ascertaining the amount of the damages which the plaintiffs sustained by the appropriation of their land, and when that has been ascertained they may proceed on the bond to enforce payment of their claim. In Ferguson's Petition, 238 Pa. 78, arising out of this appropriation of the plaintiffs' land for the right of way, we held that the defendant company was not required to give the plaintiffs an elevated drawbridge or overhead causeway sufficiently adequate to enable them to properly and profitably mine and transport their coal to the river, and, in the absence thereof, they would be entitled

to compensation in damages to whatever extent the circumstances would impair the market value of the land. In determining the amount of the damages it is clear, we think, that the defendant company should not be allowed to defeat the claim for damages or diminish to any extent the amount thereof by being permitted to concede or grant to the plaintiffs an overhead crossing or tramway or any other right which the defendant acquired by the condemnation proceedings. The damages are assessed as of the time the land was appropriated; and there is no authority in the statute which, without the owner's assent, authorizes a discharge or diminution of the claim for damages by a discontinuance or abandonment of the whole or any part of the right of way or any rights acquired below or above the surface. The principal and surety on the bond are fixed for the amount of the damages sustained as of the date of the appropriation, and these include compensation for the rights acquired on the surface, in the sub-strata of the earth and in the space above the surface. In the absence of statutory authority, therefore, the corporation cannot, subsequently to the appropriation, defeat the owner's claim for damages or diminish the amount of the damages by making concessions or granting rights acquired by it in the minerals or other strata beneath the surface; nor, for a like reason, can it diminish the claim for damages by returning to or granting the owner rights which it has acquired in the space above the surface. In a word, the owner is entitled to recover, without diminution, all the damages he sustained at the date of the appropriation of his land by the defendant company.

The principle sustaining the court's ruling is recognized in many of our decisions, including those already cited. Wood v. Trustees of the State Hospital for the Insane at Warren, Pa., 164 Pa. 159, was an application to the court by the trustees of the hospital for leave to discontinue proceedings for the assessment of damages for lands appropriated in condemnation proceedings for

use by the hospital.  The Common Pleas refused the application, and this court sustained its action.  In the opinion by Chief Justice STERRETT, it is said (p. 169): "Whenever it clearly appears, as it does in this case, that there has been such an actual taking under the power of eminent domain, as invests the donee of the power with title, and gives to the landowner a vested right to compensation, the former should not be permitted to discontinue without the consent of the latter.  Any other rule would be productive of oppression and other mischievous results."  Fischer v. Catawissa R. R. Co. & Philadelphia & Reading R. R. Co., 175 Pa. 554, was a petition by the railroad company to discontinue condemnation proceedings.  Prior to filing the petition, the company had located and adopted a route for its right of way through the owner's land, a bond was approved by the Common Pleas and filed, and viewers were appointed to assess the damages for the land appropriated for the railroad.  The court below granted the prayer of the petition, and the landowner appealed to this court.  In reversing the order of the court below, we held that the order permitting the withdrawal of the petition and bond and authorizing the discontinuance of the proceedings for assessment of damages was unwarranted by any act of assembly or by any of our rulings in the class of cases to which the case belongs, that the effect of the condemnation proceedings was to divest plaintiff's right to the possession of the land taken and remit him to his claim for compensation under the Constitution, secured by the bond, and it was then too late to discontinue the proceedings.  Northern Central Ry. Co. v. Harrisburg & Mechanicsburg Elect. Ry. Co. & Cumberland Val. Traction Co., 177 Pa. 142, was a bill to restrain a street railway company from building an overhead crossing, twenty-two feet above the right of way of a railroad.  The court below refused the injunction, but we reversed, thereby recognizing the right of the railroad company to occupy and control the space directly above its tracks, as a right acquired by the appropriation of

the land for railroad purposes. The same principle is recognized in the very recent case of Wanamaker v. Schuylkill River East Side R. R. Co., 244 Pa. 214, which was a bill filed by the owner of adjacent property to restrain the defendant railroad company from constructing a covered footwalk, eleven feet high, on land which the company had acquired by condemnation proceedings.

If, after the right of compensation has vested in the owner of the land, the corporation cannot defeat the claim for damages by abandonment of the right of way or discontinuance of condemnation proceedings, it necessarily follows, we think, that it cannot defeat a recovery of a part of the claim by conceding or granting to the owner a part of the rights it acquired by the appropriation. The concession is pro tanto an abandonment or a discontinuance of the proceedings or an offer to return to the plaintiffs a part of the property acquired by the defendant under its right of eminent domain. The principle applicable in the one case rules the other. It is clear that after the right to compensation had vested in the landowners, under the eminent domain proceedings, the corporation could not defeat their claim for damages or diminish the amount of the damages by the abandonment of the property or by concession or reconveyance to the owners of any part of the right of way or of any rights or easements below or above the surface acquired by it. The learned court, therefore, did not err in refusing to permit the defendant company to amend its petition so as to grant the plaintiffs the right to construct and maintain a tramway over defendant's right of way.

Penn Gas Coal Co. v. Versailles Fuel Gas Co., 131 Pa. 522, and McGregor, et al., v. Equitable Gas Co., 139 Pa. 230, cited and relied on by appellant, were eminent domain cases under the Act of May 29, 1885, P. L. 29, for the appropriation of rights of way for the construction of pipe lines for the transportation of natural gas. The company was permitted to release the owner from the

right of subjacent mineral support, but it was manifestly on the ground that, in the language of the opinion in the Penn Gas Coal Co. v. Versailles Fuel Gas Co., 131 Pa. 522, 534, the right of way was "of so temporary a nature, or for the transportation of a commodity so soon to be exhausted, as to render appropriation of the underlying estate to the support of the surface unnecessary." As pointed out above, such is not the character of the right of way or use of the land taken for railroad purposes under eminent domain proceedings. The appropriation of land and the rights incident thereto for a railroad is perpetual: Junction R. R. Co. v. Philadelphia, 88 Pa. 424, 428; and the fee, subject to the easement or right of way, is absolutely worthless: Brown v. Title Guaranty & Surety Co., 232 Pa. 337. The doctrine of the pipe line cases has never been extended in this State to the appro- priation of land for rights of way for railroads; on the contrary, the distinguished counsel for the appellees in the McGregor case point out in their printed argument the reasons why it is inapplicable to railroad cases.

It appears from the evidence that the tract of land in question, prior to its ownership by the plaintiffs, was in three pieces and acquired by the plaintiffs separately and at different times from different owners. The plaintiffs claim that in the assessment of damages it should be con- sidered as one tract. They contend that it is valuable, not only for agricultural purposes but especially for the coal underlying the tract by reason of its being located on the Allegheny river, a navigable highway, which gives it the natural advantage of cheap river transportation. The defendant's right of way bisects the smaller piece of land so as to leave a small strip on the east side of the right of way and between it and the river, thereby depriving the plaintiffs of access to the river and transportation there- on for their coal, all of which is west of the railroad. The deprivation of the right of access to the river is the principal loss or injury of which the plaintiffs complain. The defendant contends that the land must be considered

as three separate and distinct pieces or tracts, that there is no coal under the right of way, and in the assessment of damages the plaintiffs should be confined to the four-acre tract over which the railroad was located and constructed. We are unable to agree with the defendant's contention, and think it clear that the whole tract should be considered in the assessment of damages. That the three pieces of land were held by different owners prior to their acquisition by the plaintiffs and were acquired by the latter at different times is not conclusive that the tract should be considered now as three separate properties in the assessment of damages. The coal under what was formerly the three separate tracts is contiguous and forms one entire body and, according to the evidence, may be advantageously operated as such. The coal outcrops just above the right of way on the smaller tract of land which, as one of the witnesses testified, is clearly the key to the situation; and the three contiguous properties, under one ownership, make one coal property. The defendant company is now scarcely in a position to contend that in estimating the damages the jury should be confined to the smaller or four-acre tract of land, in view of the fact that it amended its petition and bond so as to include the other two tracts of land prior to the assessment of damages by the viewers. Aside from this, however, it is apparent from the evidence that the three pieces are valuable as one coal proposition which could be advantageously worked from an opening on the smaller tract. This would give access from the mine to the railroad and, prior to its construction, to the river for transportation. We think the court cannot be convicted of error in declining to confine the jury to the smaller tract in estimating the damages done the plaintiffs by the construction of the defendant's road.

The defendant got the advantage of any special appreciation of the plaintiffs' property by reason of the construction of the railroad through their premises, and

likewise of any special advantage which would accrue to the plaintiffs by reason of the construction of the sidings which the defendant contends can be built on both sides of the right of way. The court in its charge distinctly told the jury that in arriving at their verdict they must consider the peculiar and special benefits and advantages accruing to and affecting the market value of the plaintiffs' land by reason of the railroad and the facilities it affords.

The questions raised by the other assignments need not be discussed. Some of them may suggest technical error, but it was cured by the general charge or is not of sufficient merit to injure the defendant and to justify a reversal of the judgment.

We find no reversible error in the record, and, therefore, the judgment is affirmed.