## Bonar Land Company's Appeal.

Argued October 4, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*J. I. Hook,* of *Scott & Hook,* for appellant.—Appellant's title to its land was divested and its only remedy is on the bond: Williamsport R. R. v. R. R., 141 Pa. 407; Underwood v. R. R., 255 Pa. 553.

The railway company is estopped by the approval of its bond: Wood v. State Hospital, 164 Pa. 159; Fischer v. R. R., 175 Pa. 554; Ferguson v. R. R., 253 Pa. 581; Speer v. R. R., 255 Pa. 211; McGunnegle v. R. R., 269 Pa. 404.

The agreement was an optional agreement and the railway company abandoned all its rights thereunder by noncompliance with its terms.

*W. C. Montgomery*, with him *Waychoff & Thompson*, for appellee.—The amendment cannot aversely affect the land company, for its sole purpose is to limit the consideration of the question of damages to the value of the land actually taken: Robinson v. R. R., 174 Pa. 199; McGunnegle v. R. R., 213 Pa. 383; Newlin v. Palmer, 11 S. & R. 98.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1932:

This is an appeal by Bonar Land Company, an owner of real estate, through which the Monongahela Railway Company has constructed its railroad, from an order of the court below permitting the railway company to amend its petition for the approval of a bond to secure damages for the taking of the land company's property, and also to amend the bond itself, and the company's petition for the appointment of viewers, by diminishing the amount of land to be appropriated, the allegation of the railway company being that the land company had agreed in writing to donate to it a right-of-way over part of the land which was mistakenly included in the description of the property sought to be condemned in the petitions and bond.

It is the contention of appellant that by the presentation of the petition for the approval of the bond and its approval by the court the railway company has foreclosed its right to set up the grant of part of the property covered by its right-of-way, and that it is estopped

from alleging that it has appropriated less than the amount set forth, citing in support of this position a number of our decisions.* While the cited cases sustain the general principle for which the appellant contends, we think, when applied to the situation in the pending case, they are not controlling.

On March 12, 1925, the board of directors of the land company adopted a resolution agreeing to donate a right-of-way to the railroad company for a proposed extension which it was about to make. This resolution provided for the preparation of a contract and a contract was entered into, in which the land company agreed to grant to the railway company a right-of-way. The agreement contained the following provision: "The above right-of-way is given and granted for the purpose of securing the extension of the railroad to Waynesburg, which is now being operated to Mather, Pa., and it is understood and a condition of this proposed grant, that the work on said extension shall begin on or before January 1, 1926, in good faith and prosecuted with due diligence to completion. It is also agreed and understood that in case the said railroad company shall cease to use said right-of-way or any part thereof or cease to operate said railroad, in a regular, efficient manner on the said right-of-way and easement, or any part thereof, so granted, for one year, that such part shall revert to the said Bonar Land Company, its successors and assigns." Subsequently on December 17, 1925, the land company signed an extension of the agreement for a further period of ninety days from January 1, 1926.

---

* Williamsport, etc., R. R. Co. v. Phila., etc., R. R. Co., 141 Pa. 407; Wood v. Trustees of the State Hospital for the Insane, 164 Pa. 159; Fischer v. R. R. Co., 175 Pa. 554; Speer v. Monongahela R. R. Co., 255 Pa. 211; Ferguson v. Pittsburgh & Shawmut R. R. Co., 253 Pa. 581; Underwood v. Penna., Monongahela & Southern R. R. Co., 255 Pa. 553; McGunnegle v. Pittsburgh & Lake Erie R. R. Co., 269 Pa. 404.

The court decided the matter upon the petition and answer and this notwithstanding the averments of the answer denied some of the most material ones of the petition. It was set forth in the answer that the work on the extension of the railway was not begun on or before January 1, 1926, and that the company failed to begin work on the extension within a period of ninety days from January 1, 1926, in accordance with the supplementary agreement. On the contrary, it is denied that any work was done until some time in 1928. We think under these denials, without testimony to controvert them, the court's disposition of the matter was too summary. If the grant of the right-of-way of the land company to the railway company was complete by performance of the condition by the latter, then, in justice, the railway company ought not to be called upon to pay damages for the land covered by the grant, but, on the other hand, if the railway company did not perform the condition, it acquired nothing under it and was bound to pay for the land which it appropriated just as though no grant had been made.

By the action which the court took in permitting the railroad company to amend the proceedings by striking out of the petition and bond the land covered by the grant, it foreclosed the right of the landowner to establish, if it can, that the grant was inoperative. The true situation should not be determined until all the facts are fully developed, which will be done on the trial of the issue. In our view, the amount of the damages should be fixed under the principle laid down in McGunnegle v. Pittsburgh & Lake Erie R. R. Co., 213 Pa. 383, in which on the trial the railway company moved to amend the description of the land to be condemned by excluding therefrom land lying between the harbor line and the low water line on the Ohio River, and although the amendment was refused, it was said that the plaintiff should be allowed compensation only for the land which she owned. If the land company has made a com-

pleted grant to the railway company of part of the land, it should not be permitted to recover damages for it. This will necessarily be a question of interpretation to be determined as a matter of law (Scholl's App., 292 Pa. 262) when all the proofs are in and the facts are established, by a verdict or otherwise, showing the circumstances connected with the grant and just what effect the time limitation fixed had upon it.

All that we now decide is that it was error for the court below at this stage of the proceedings to permit the record to be amended by excluding part of the property set forth in the petition and bond from condemnation. On the trial the question can be raised and determined as to the rights of the railway company under the grant and whether it is liable to pay damages for the land covered by it.

The order of the court below is reversed; costs to abide the final disposition of the proceeding.