## Opening of Second Avenue in the Borough of Conshohocken. Commissioners' Appeal.

*Municipal law—Opening streets—Effect of judgment.*

A judgment or assessment in proceedings to recover damages for opening a street, carries with it all the facts and conditions necessary to a recovery ; it settles everything involved in the right to recover, not only all matters that were raised but those which might have been raised.

*Road law—Opening street—When damages are due and demandable.*

Proceedings having been taken by a jury of view for the taking and opening of a street which culminated in a judgment confirming the report of the viewers, *held*, on a petition for a mandamus, that an answer is insufficient which sets up that the street has not been "effectually opened by and according to such grade," and a mandamus will be awarded.

Argued Dec. 8, 1897. Appeal, No. 74, Oct. T., 1897, by Charles M. Reed et al., commissioners of Montgomery County, from decree of Q. S. Montgomery Co., ordering the issuing of a writ directed to said commissioners commanding them to pay amount awarded to Horace C. Jones as damages sustained by him by reason of the opening of Second avenue in the borough of Conshohocken. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule for mandamus on county commissioners. Before WEAND, J.

It appears from the record that a petition was filed for the appointment of viewers to assess damages in the matter of the opening of Second avenue in the borough of Conshohocken. Viewers were appointed and the county commissioners were represented in the proceedings had before them. Viewers reported that Horace C. Jones was entitled to an award of $4,000 damages for the opening of Second avenue. This report was subsequently confirmed without exceptions. Payment of award having been demanded from the county commissioners and refused, a petition was filed for a writ on the county commissioners to pay the award of damages, and a rule granted thereon. The county commissioners filed an answer presenting reasons why an order for payment should not be made at this time. The court below decreed that a writ be issued by the clerk of the quarter sessions directed to the county commissioners ordering them to cause the amount awarded Horace C. Jones to be paid out of any moneys unappropriated of said county, etc.

Plaintiff excepted to the decree because the order did not allow interest. County commissioners appealed.

Other facts appear in the opinion of the court.

*Error assigned* among others was in ordering that a writ be issued directed to the county commissioners directing them to cause the amount awarded to Horace C. Jones, together with costs, to be paid him out of the moneys of the county.

*Wm. F. Solly*, for appellants.—A jury's report in favor of

the opening of a street is not the equivalent of an actual opening of it: Grugan v. Phila., 158 Pa. 337.

Neither, therefore, is the direction of the court to the municipal authorities to open a road the equivalent of its actual opening.

No damages are sustained until the street is actually opened: Volkmar Street, 124 Pa. 320; Easton v. Rinek, 116 Pa. 1; Whitaker v. Phœnixville, 141 Pa. 327.

*N. H. Larzelere*, for appellee.

OPINION BY RICE, P. J., March 21, 1898:

The borough of Conshohocken was incorporated by Special Act of May 15, 1850, P. L. 1051. By section 17 of the act, commissioners were appointed, whose duty it was to lay out such streets in the borough as they should think proper; to name the streets laid out, widened, altered or extended by them; and to make report to the court of quarter sessions, which report should be accompanied by a plan of all the streets, lanes and alleys of the borough, as well of those previously laid out, as of those laid out by them. The section further provided, that the plan should be recorded in the recorder's office, and that the streets laid out as aforesaid should "from thenceforth be opened for public use in the same manner as if they had been laid out by an order of court in the usual way." Section 18 provided, that any person who should sustain any damage by the laying out, opening, etc., of any street by virtue of the power given by the act should have all the rights and remedies provided by the 14th section of the act of April 6, 1802, 3 Sm. L. 512. By section 12, it was made the duty of the burgess and town council, when a new street shall be laid out, "to fix and mark the grades of the same before the same is opened."

By a supplement, approved March 22, 1870, P. L. 522, it was provided, that citizens owning property on a street laid out on the borough plan may petition to have it opened, and if, after hearing, "the court shall be of opinion that the state of improvements in the neighborhood of such street, road, lane or alley is such as to require the opening thereof, they shall issue their order directed to the said burgess and town council of said borough enjoining them to open such street, road, lane or alley,

according to the plan or draft of the survey of said borough; and thereupon the said burgess and town council shall, if at the time they have not already done so, immediately fix the grade of such street, road, lane or alley, by and according to which the same shall be opened; and the person or persons, company or corporation, who shall sustain any damages by laying and opening any such street, road, lane or alley, shall be entitled to recover the same, in the same manner as if such street . . . . had been originally laid out by order of the court of quarter sessions of said county under the general road laws of this commonwealth."

Second avenue was regularly laid out as a street on the recorded borough plan, and on April 25, 1896, pursuant to regular proceedings under the act of 1870, of which the burgess and council had due notice, the court made a decree commanding them to open said street between Fayette and Maple streets.

In June following, Horace C. Jones, who owns the land over which the street was laid out, petitioned the court for the appointment of viewers to assess the damages sustained by him in consequence of the opening of the street. Viewers were appointed who assessed and adjudged the damages sustained by the petitioner " by reason of said road or street, Second avenue, having been opened through and over the lands belonging to him " to be $4,000. The county commissioners had due notice of the view, and one of their number and their attorney appeared and took part in the proceedings. They filed no exceptions to the report, and in due course it was confirmed absolutely.

Subsequently (Nov. 23, 1896) there was filed in the office of the clerk of the quarter sessions a certificate of the clerk of the borough council, under the borough seal, to the effect, that the street had been opened by order of the court, and was then open for public travel.

Payment of his damages having been demanded and refused, Mr. Jones presented his petition to the quarter sessions, in which he recited the foregoing proceedings, and prayed for a mandamus. The county commissioners filed an answer setting forth, (1) that the certificate of the borough clerk failed to show that it was given in pursuance of a resolution of council, or that he had been in any way authorized to give the same · (2) that, whilst the public can " in a way " travel over a por-

tion of the street, they cannot travel it in its entire length from Fayette to Maple street; that the grade of the street had not been fixed, and that it had not been " effectually opened by and according to such grade."

The court held the answer to be insufficient, and awarded a mandamus. From this order the county commissioners took the present appeal. The petitioner also took an appeal from the refusal to allow interest upon the award of damages, to be computed from the date of the confirmation of the report.

The counsel for the commissioners contends that the controlling question in the case is, whether an owner of land across which a street has been laid out is entitled to have his damages assessed and paid before the grade has been fixed and the street actually opened for public travel. A discussion of that question would not be out of place, but we are unwilling to concede that the case necessarily turns on its decision. For, it might be conceded for the purposes of this case that no damages are sustained by the land owner until the order to open has been actually executed, and yet it would not follow that the petitioner was not entitled to enforce collection of the award in his favor.

Section 6 of the act of June 13, 1836, provides that public roads and highways laid out, approved and entered on record, shall as soon as practicable be effectually opened. Section 7, which was incorporated in the local act of 1870 by reference, provides as follows : " The owner of any land through which a public road shall be opened as aforesaid, may, within one year from the opening of the same, apply by petition to the court of quarter sessions of the proper county, setting forth the injury " which he may have sustained, and thereupon the court shall appoint six persons (now three) " to view the premises and assess the damages, if any, which such petitioner may have sustained."

The question as to when a road or street may be said to be " opened " in contemplation of law, so that the landowner may demand an assessment and payment of his damages, and the limitation period, within which he must apply therefor, begins to run, has been a frequent subject of discussion in the courts. It has arisen most frequently in cases involving the applicability of the limitation feature of the law, and amongst such cases

may be mentioned, Lewistown Road, 8 Pa. 109; Ridge Avenue, 99 Pa. 469; Phila. v. Wright, 100 Pa. 235; Grape Street, 103 Pa. 121, (where it was held that the limitation of one year was abrogated by sec. 21, art. III. of the constitution) Grugan v. Phila., 158 Pa. 337; Brower v. Phila., 142 Pa. 350. Passing these, and coming to cases which bear more directly upon the question before us, it appeared in Jarden v. P., W. & B. R. R. Co., 3 Wh. 502, that the street was "laid out" by act of the legislature, and the county commissioners were directed to open it; "the damages accruing therefrom to be assessed and paid in the usual manner." It was held that they were to be assessed in the mode prescribed by the act of 1836, namely, on the petition of the owner of the land presented to the quarter sessions after the street has been opened. "If," said SERGEANT, J., "the owner of the land should present his petition to the court of quarter sessions, asking for viewers to assess the damages he may have sustained, he must set forth and show that the road has been opened; it is not sufficient to show that it has been laid out. In many instances streets have been laid out several years before they are opened, and in the meantime are enclosed and occupied by the owner without any visible difference from his other property; and the public is not bound to pay for them until they are actually opened for public use as a highway, and become thus appropriated to them as their property, and the exclusive right and occupation of the former owner is taken away." In Volkmar Street, 124 Pa. 320, the question distinctly raised—as stated in the opinion of the Supreme Court rendered by Mr. Justice WILLIAMS—was, "when does the right of action accrue to the landowner for the injury done him by the opening of a street upon his land? Is it when an order is made by the court directed to a city officer, which may slumber for many years without an effort at execution? Or is it when some act is done in the obedience to the order, which disturbs the actual possession of the owner?" After a consideration of this question in the light of the special provisions of the local act applicable to the case, the court held, that, as between the city and the land-owner, no right of action exists under that act, "or upon general principles, for the recovery of damages until some act done, or notice or demand made, affecting, or relating to, the possession or appropriation of the land." But

Justice WILLIAMS was careful to remark, that the court expressed no opinion upon the question whether the owner might give notice of his intention to abandon the land covered by the plotted street to the city and proceed to have his damages ascertained and paid. See also Easton v. Rinek, 116 Pa. 1; Whitaker v. Phœnixville, 141 Pa. 327; Plan 166, 143 Pa. 414, 423.

·When we come to apply the rule laid down in the Volkmar street case to the present it is to be observed, that the petition for the appointment of viewers alleged that the street had been opened; that the report of the viewers set forth that the damages awarded to petitioner were sustained by reason of the street having been opened through and over the lands belonging to him; and that the county was represented at the hearing, and had ample opportunity to make the defense it now sets up as a reason for not paying the award. Everything was averred in the petition which was necessary to give the court jurisdiction, and the proceedings culminating in the final confirmation of the report were regular in every respect. No application was made to open the confirmation, and no equitable ground is alleged in the answer for the exercise of the discretionary power of the court. In effect, the answer of the respondents was an attempt to draw into question collaterally a fact, which, according to their own theory of the law, was essential to the petitioner's right to demand an assessment of his damages, and which, therefore, must be regarded as having been adjudicated in the original decree, and as not now open to investigation. To adopt the language of the learned judge of the court below: "The judgment or assessment carries with it all the facts and conditions necessary to a recovery." As was said by Mr. Justice MITCHELL, in Myers v. S. Bethlehem, 149 Pa. 85—which we think rules the present case—"a judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised. It is not that the borough will owe the amount if, or when, it takes the property, but that it does owe now. All questions of opening, taking, etc., are concluded by it, so far, at least, as the plaintiff is concerned."

The decree, as modified by our order filed in the next case (No. 86, October term, 1897) is affirmed, and the appeal of the county commissioners is dismissed at their costs.