# Oviatt, Appellant, *v.* Brownell.

*Res adjudicata—Scire facias sur mortgage—Judgment—Equity—Defenses not presented.*

On a bill in equity to restrain the issuing of an execution on a judgment obtained on a scire facias sur mortgage, the judgment on the scire facias is conclusive on the plaintiff, not only as to matters directly litigated and decided in the foreclosure proceedings, but also as to any grounds of recovery and defense that might have been presented and decided.

Argued May 4, 1908. Appeal, No. 364, Jan. T., 1907, by plaintiff, from decree of C. P. McKean Co., June T., 1907, No. 1, dismissing bill in equity in case of Carrie A. Oviatt v. F. W. Brownell, Administrator of the Estate of Miller Stickles,

deceased. Before FELL, BROWN, MESTREZAT, ELKIN and STEW-
ART, JJ. Affirmed.

Bill in equity for an injunction. Before BOUTON, P. J.
The opinion of the Supreme Court states the case.
The court dismissed the bill.

*Error assigned* was decree dismissing the bill.

*Rufus B. Stone*, with him *Allan Oviatt*, for appellant.

*E. R. Mayo & Son*, for appellee, were not heard.

PER CURIAM, May 18, 1908 :
Briefly stated, the material allegations in the bill are that
the plaintiff's uncle held a mortgage on a farm owned by her
mother; that in 1893, ten years before his death, he agreed
with the plaintiff that if she would perform certain services
for her mother and for him, she should have the farm at the
death of her mother clear of incumbrance; that the services
were performed, but that her uncle had failed to satisfy or re-
lease the mortgage; that the defendant, the administrator of
his estate, had obtained judgment on the mortgage and threat-
ened to issue execution thereon. The prayer is for an in-
junction restraining the defendant from issuing execution, and
requiring a transfer of the judgment to the plaintiff.

It is averred in the answer that the whole subject of con-
troversy was adjudicated in the proceeding on the mortgage.
It appears from the record of that proceeding attached to the
answer that the writ was issued against the plaintiff in this
bill as administratrix of her mother's estate ; that she filed an
affidavit of defense in which she alleged that she was the sole
owner of the property, and the scire facias was amended by
naming her as terre-tenant; that one ground of defense at the
trial distinctly raised by a request for charge was that the agree-
ment recited in the bill in this case had been made and fully
performed on her part. At that trial a verdict was directed
for the plaintiff because of the insufficiency of the evidence
to establish any valid defense, and the judgment was affirmed
by this court. See Brownell v. Oviatt, 215 Pa. 514. It is evi-

dent from that record that there had been a final adjudication of the controversy presented by the bill and answer in this case. But whether adjudicated or not, the plaintiff is concluded for the reason that a judgment is conclusive not only as to matters directly litigated and decided, but as to any grounds of recovery and defense that might have been presented and decided: Long v. Lebanon Nat. Bank, 211 Pa. 165.

The decree dismissing the bill is affirmed at the cost of the appellant.