## Ralston, Appellant, v. Equitable Gas Company.

*Eminent domain — Condemnation proceedings — Effect of filing bond—Natural gas company.*

After the right to compensation has vested in a landowner in condemnation proceedings by the filing of a bond by a public service company, the corporation cannot defeat the claim of the owner for damages, or diminish the amount of damages by the abandonment of the property, or by concession, or reconveyance to the owners of any part of the right of way, or of any rights or easement below or above the surface acquired by it. Thus where a natural gas company has filed a bond, it cannot at the trial to fix the damages, offer in evidence so as to lessen the damages, a stipulation not assented to by the owner, by which the company agrees that in case the lands shall be laid out in the future according to a plan of streets and alleys, the location of the pipe lines shall be changed, so that the pipes shall follow the lines of the streets and alleys.

Argued April 10, 1918.   Appeal, No. 136, April T., 1918, by plaintiffs, from judgment of C. P. Armstrong Co., Dec. T., 1914, No. 202, on verdict for plaintiffs in case of G. Edith Ralston and John M. Ralston, her husband, v. Equitable Gas Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Appeal from report of jury of view.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

["We say to you as a matter of law, that the defendant company is bound by this stipulation as contained in paragraphs two and three, and we further say to you that it is such an obligation or stipulation as can be enforced by the courts against the defendant company, and therefore we instruct you that it is for your consideration when you come to the question of damages.   That is you take this stipulation into consideration when you come to consider the question of damages.   If you should find a verdict in favor of the plaintiffs, then it is for you to say whether the damages that you may find for the plaintiffs shall be reduced by reason of this stipulation, and if so, how much.   Of course the purpose of this stipulation, gentlemen, being made by the defendant company, is to reduce the damages, it goes in mitigation or diminution of the damages, that is, in case you should find in favor of the plaintiffs, and even should you find that the plaintiffs' contention is correct, that this property was available and adapted for the laying out into lots or for building purposes, then you take into consideration this stipulation and determine whether those damages, whatever damages you should find for the plaintiffs, should be reduced by reason of this stipulation, and if so how much."]   (1)

Verdict and judgment for plaintiff for $200.   Plaintiff appealed.

*Errors assigned,* among others, were (1) portion of charge as above quoting it, and (6) in admitting in evidence the stipulation offered by the defendant, quoting the bill of exceptions.

*R. L. Ralston,* for appellants, cited : Dilts v. Plumville R. R. Co., 222 Pa. 516; Ferguson v. P. & S. R. R. Co., 253 Pa. 581.

*H. L. Golden,* for appellee, cited : Penna. Gas Coal Co. v. Versailles Fuel Gas Co., 131 Pa. 522; R. McGregor v. Equitable Gas Co., 139 Pa. 230.

OPINION BY HENDERSON, J., July 10, 1918:

This is a condemnation proceeding. The defendant, desiring to lay a gas line over land of the plaintiffs and being unable to agree with them, appropriated the required right of way and filed its bond in the Court of Common Pleas to secure the owners as provided by the statute. The bond is dated June 18, 1914. Viewers were appointed on petition of the plaintiffs on November 16, 1914. On January 26, 1915, the defendant with leave of court filed a document described in the proceedings as a "stipulation," which contained among other things the following provision : "Second. The Equitable Gas Company, in the event of the said land being hereafter laid out in lots or being used for building or manufacturing sites by the said G. Edith Ralston and John M. Ralston, her husband, hereby binds itself, upon request and upon the furnishing of the necessary rights of way by the said Ralstons, to move the said pipe line from its present location and relay the same upon the streets and alleys of any plan that may be laid out of said land, or in case buildings or manufacturing sites are hereafter located on the part of said land occupied by the present pipe line, to move the said pipe line to such other reasonable location on the premises as may be furnished by the said Ralstons." At the trial the court permitted the de-

fendant to offer this document in evidence for the purpose of reducing the amount of damage to be recovered by the plaintiffs.   The principal contention in the case arises over the admission of this evidence and the instruction of the court to the jury to take it into account in arriving at their verdict.   The defendant is engaged in the production and transportation of natural gas and has the right of eminent domain conferred by the Act of May 29, 1885.   By appropriating and entering on the land and filing its bond it acquired the right to us the plaintiffs' property for the purposes authorized by the statute and the proprietorship and control of the latter to that extent were taken from them.   There is a consequent liability of the defendant to respond in damages to the owners for the loss in value by reason of such appropriation.   When a sufficient bond with sureties approved by the court has been given the company acquires as clear and perfect a right of easement as if it had paid therefor in money.   The title is in the company and the right of the owner to damages is fixed.   The bond becomes the equivalent of money paid to him.   After this right to compensation has vested in the owner the corporation cannot avoid the claim for damages by abandonment of the right of way; nor can it defeat a recovery of a part of the claim by conceding or granting to the owner a part of the right it acquired by the condemnation.   It would logically follow that if the company could not avoid its statutory liability after the rights of the owner were fixed it could not escape a part of its responsibility by transferring a portion of the property acquired.   In Ferguson v. P. & S. R. R. Co., 253 Pa. 581, it was held to be clear that after the right to compensation had vested in the landowners under the eminent domain proceedings the corporation could not defeat their claim for damages or diminish the amount of damages by the abandonment of the property or by concession or reconveyance to the owners of any part of the right of way or of any rights or easement below or above the surface ac-

quired by it.   The same principle was declared in Dilts
v. Plumville R. R. Co., 222 Pa. 516.   These were cases of
the appropriation of land by railroad companies, but the
reasoning which led to the decisions in them is applicable
with equal force to the case of the appropriation by a
natural gas company.   Whatever the company acquired
by the condemnation proceeding it is bound to pay for
and damages are to be awarded with reference to the
loss which the landowner sustains by reason of the use
to which his land has been subjected.   What the appellee
acquired through the condemnation proceeding was the
right to occupy the plaintiff's land with its pipes so long
as it saw fit so to do without let or hindrance from the
owner.   What it proposes to pay for is not the property
which it acquired but that property affected by an offer
to remove its pipes at some future time to other land of
the owners which it may deem suitable for its purposes.
The stipulation has not been assented to by the owners
of the land.   The bond filed is not security to the plain-
tiffs for the enforcement of the stipulation and the effect
of the ruling of the court is to let the plaintiffs off by
the payment of part of the damages on their promise that
they will pay the unascertained balance at some future
time by removing the pipes if the plaintiffs and the com-
pany can agree on a suitable location in which to place
them.   This offer to remove is said to be a fact to be
considered in determining the amount of the plaintiffs'
loss and to the extent of the value of the offer the dam-
age has been reduced.   But this leaves out of account
the fact that the whole subject of the damage recoverable
is to be determined in this proceeding.   Whatever the
landowners are entitled to receive is to be there fixed
and their redress will then be on the bond filed by the
company.   The law makes no provision for imposing on
the landowner the necessity of entering into further
negotiations to recover what is due to him or to future
litigation to establish his right.   The proceeding is statu-
tory and the method is prescribed for establishing the

rights of the respective parties.  It is contended, however, that the action of the court is supported by the decisions in Penn Gas Coal Co. v. Versailles Fuel Gas Co., 131 Pa. 522, and McGregor v. Equitable Gas Co., 139 Pa. 230.  These were cases involving the right of support of gas lines in which it was held that the condemning company might release the right of support thereby relieving itself from the damages which might result from the removal of coal on the land over which the gas lines were located.  All that was there decided, however, was that the company might take less than the law entitled it to and that if by reason of the temporary nature of its operation because of the rapid exhaustion of the supply of gas it deemed it advantageous to avoid the cost of securing support of its line it might release the right to such support and take the chance that its pipes might be broken by the subsidence of the surface.  It will be observed, too, that the execution of the releases in those cases was self-operative.  Nothing was left to be done in the future.  The companies were content to have less than the whole easement which they might have demanded and they accounted to the owners for all that was taken from them, but that is not the situation here.  It is to be assumed that the jury made some allowance on account of the offer of the appellee to put its pipes in a different location at some future time.  The whole subject of the change of the location of the pipes and the conditions under which changes may be made are left to the future and likely to be involved in litigation.  In the meantime the defendant is in the undisturbed enjoyment of the easement which it acquired in the condemnation proceeding without having been charged with all that it would have been required to pay if the stipulation had not been introduced in the case.  Moreover, the proposal of the company is in no sense a release of its right of way.  It is an offer to change its location of the right of way from one place to another on certain conditions but the owner of the land is not bound to

enter into a compromise agreement. The law permits him to decline to negotiate on the subject of damages and to submit his claim to the consideration of a jury. The proposed new location would not be held under the right of eminent domain but by agreement with the landowners and the court is without authority to compel them to enter into such a contract. The court was in error, therefore, in admitting the stipulation of the defendant in evidence to affect the amount of damages to which the plaintiffs may have been entitled.

The judgment is reversed with a new venire.