## McGunnegle et al., Appellants, *v.* Pittsburgh & Lake Erie R. R.

*Res adjudicata—Condemnation proceedings—Boundaries of land taken—Bond—Error in charge—Failure to appeal.*

1. A judgment entered is conclusive not only as to matters directly litigated and decided, but as to all matters of recovery and defense that might have been presented and decided.

McGUNNEGLE, Appel., *v.* PITTSBURGH & L. E. R. R.  405

1921.]           Syllabus—Statement of Facts.

2. This is true though a party was injured by failure of the court to consider all cognizable matters, either through mistake or legal error, if the party injured failed to appeal from the judgment.

3. Where a railroad company, at the trial in condemnation proceedings, is not permitted to withdraw a portion of the land described in the bond, but the court charges the jury not to consider the land sought to be withdrawn, and plaintiff fails to appeal from the judgment, he cannot thereafter in an action by him against the railroad company for trespass on the land sought to have been withdrawn, claim that the judgment was not res adjudicata, on the ground that the charge in the first trial was erroneous.

4. Where a railroad company has entered a bond in condemnation proceedings, it cannot, thereafter, without the consent of the landowner, decrease the amount of the recovery by abandoning the whole or any part of the property condemned.

5. On the trial of an issue in condemnation proceedings, the refusal to admit in evidence the statement of claim offered to show plaintiff's ownership, is harmless error, if error at all, if it appears that plaintiff's interests were fully disclosed by the title deeds offered and accepted in evidence.

Argued January 20, 1921. Appeal, No. 188, Oct. T., 1920, by plaintiffs, from order of C. P. Allegheny Co., Jan. T., 1919, No. 100, refusing to take off nonsuit, in case of Alexander McK. McGunnegle et al., heirs of Maria L. McGunnegle, deceased, v. Pittsburgh & Lake Erie R. R. Co. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for injuries to land. Before SHAFFER, P. J. The opinion of the Supreme Court states the facts.

At the trial the following offer was made: Plaintiffs' counsel offers in evidence the following averments of the statement of claim which are not contradicted by the affidavit of defense:

"The plaintiffs are children and heirs at law of Maria L. McGunnegle and as such are the owners of the real estate hereinafter described, the title to which was vested in Maria L. McGunnegle during her lifetime."

"Defendant's counsel objects to the offer. I do not think the averment of ownership by the plaintiff in an

406 McGUNNEGLE, Appel., *v.* PITTSBURGH & L. E. R. R.

action of this sort is admitted." Objection sustained. Exception. (2)

The court entered a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Errors assigned* were (1) refusal to take off nonsuit and (2) ruling on evidence, quoting bill of exceptions.

*Edmund K. Trent,* of *Prichard & Trent,* for appellants. —Equity has always been a part of the common law of Pennsylvania. There are many cases where a court has exercised its power of reformation in an action at law: Trexler v. Fisher, 130 Pa. 275; Breneiser v. Davis, 141 Pa. 85; Goettel v. Sage, 117 Pa. 298; Com. v. Archbald, 195 Pa. 317.

Plaintiff contends that res judicata has no application here: Pennebaker v. Parker, 33 Pa. Superior Ct. 458; Ihmsen v. Ormsby, 32 Pa. 198; Lewis & Nelson's App., 67 Pa. 153; Lash v. Spayd, 141 Pa. 360; Moorehouse v. Moorehouse, 7 Pa. Superior Ct. 287; Cavanaugh v. Buehler, 120 Pa. 441; Forcey's App., 106 Pa. 508; Martin v. Gernandt, 19 Pa. 124; Lentz v. Wallace, 17 Pa. 412; Moser v. Phila., etc., R. R., 233 Pa. 259.

The courts go outside the record to determine the scope of the former judgment: Hartman v. Inclined Plane Co., 23 Pa. Superior Ct. 360; Pennebaker v. Parker, 33 Pa. Superior Ct. 458; Parks v. Penna. Clay Co., 60 Pa. Superior Ct. 567.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* for appellee.—All damages from the condemnation have been ascertained and paid: Bower v. Tallman, 5 W. & S. 556; Woods v. Ry., 99 Pa. 101; Head v. Meloney, 111 Pa. 99; Green v. Fricker, 7 W. & S. 171.

OPINION BY MR. JUSTICE SADLER, February 14, 1921:

This is an action in trespass to recover damages for injuries alleged to have been inflicted by defendant cor-

poration on certain real property belonging to plaintiffs, and the present appeal is from the refusal to remove a compulsory nonsuit; but, in order to understand the case, it is necessary to recite, in some detail, the trial of a former action covering the same property.

A tract of land in the Borough of Esplen, Allegheny County, was condemned in 1903 by the Pittsburgh & Lake Erie Railroad Company, as the property of Maria McGunnegle. A bond was filed to secure compensation. The property taken was described in the petition by metes and bounds, and the quantity was given as 6.75 acres "together with all the land lying between the harbor line and the low water line of the Ohio River." Viewers were appointed, from whose award an appeal was entered. An issue was framed; in which the property owner was made plaintiff and the railroad company defendant.

At the trial, in 1904, evidence was received to show the amount of damages sustained by the plaintiff. The witnesses considered the entire taking in fixing their estimates of damage, valuing the land appropriated on an acreage basis. Plaintiffs introduced testimony relating to the whole tract as described in the petition; but, before their case was closed, the defendant moved to amend the description of the property condemned by striking out the words, "together with all the land lying between the harbor line and the low water line of the Ohio River." This was objected to as coming too late; and, further, upon the ground that the railroad company, having filed its bond, could not, without consent, abandon any portion of the land condemned. The position taken by the plaintiff was sustained, and the amendment was refused. On appeal by the railroad company, this action of the court below was subsequently approved: McGunnegle v. P. & L. E. R. R. Co., 213 Pa. 383.

In submitting this former case to the jury, it was instructed that no damages could be recovered for the tak-

ing, in so far as the land lying beyond low watermark and to the harbor line was concerned, on the theory that the property right therein remained in the Commonwealth; the jurors were further told that the low watermark to be considered was the "poolfull line," disregarding the low watermark line established under the Act of April 16, 1858, P. L. 326, at the locus in quo. No exception was taken by the plaintiff, at the time of that trial, to the ruling so made by the court; it was the defendant which appealed, and the judgment was affirmed.

Later, the property passed to the heirs at law of Maria L. McGunnegle, appellants here. The railroad company filled in certain of the space between the so-called "poolfull line" and the harbor line, and the present suit was commenced, in 1918, to recover damages alleged to have been sustained by this action, the contention being that the fill constituted an unlawful invasion of plaintiffs' property rights. It was insisted that, since the court limited a recovery in the former proceeding to the poolfull line, the railroad company had no rights beyond the same, notwithstanding the fact that the original bond covered the locus in quo. The court below granted the compulsory nonsuit now complained of, and, in an opinion subsequently filed, refused to remove it; as a result, we have this appeal.

The railroad company, by the appropriation of the land of Maria McGunnegle and the filing of its bond to secure compensation in 1903, then acquired the use for corporate purposes of all the property described in its petition, which belonged to her; and, having so appropriated, no power existed on its part to defeat the claim for damages, or diminish the amount thereof, by abandoning the location, but the title to the right of way passed to the corporation, and the owner of the property was confined to his remedy on the bond in connection with the statutory provisions for assessment and collection of damages: Ferguson v. Pittsburgh & Shawmut R. R. Co., 253 Pa. 581; Dilts v. Plumville R. R. Co., 222 Pa. 516;

Ralston v. Equitable Gas Co., 70 Pa. Superior Ct. 188. The railroad company could not, without plaintiff's consent, decrease the amount of recovery by conceding any of the rights acquired by the filing of its bond, or by discontinuing or abandoning the whole, or any part, of the property condemned: Ferguson v. Pittsburgh & Shawmut R. R. Co., supra. It is true that by agreement the right of the condemnor may be restricted (McKelvy v. Allegheny County, 238 Pa. 580) ; but no such situation arises in the present case.

During the course of the 1904 trial, an amendment was refused, as hereinbefore noted; this action being the result of the objection made on behalf of the predecessor in title of the present plaintiffs. If at that time the court improperly advised the jury, either as to the damages that could be recovered or the elements which should be taken into consideration, it was the duty of the property owner to then make complaint, by excepting to the instructions, and answers to the points, and to secure an appropriate ruling in the way provided by law. The plaintiff cannot be permitted to take the chances of securing a verdict in his favor, without the consideration by the jury of an element of injury improperly withdrawn from it by the court, and subsequently maintain a second action for the money value of the wrongfully excluded item, even though the record shows the instructions given to have been erroneous.

"The parties and their privies are concluded as to all matters which were put in issue or might have been put in issue in the condemnation proceedings, such as ......the amount and items of compensation. The owner must recover in one proceeding all the damages which have resulted, or are reasonably liable to result in the future, from a proper construction and operation of the improvement, and no subsequent action will lie to recover items which are or might have been considered in the original proceeding": 20 C. J. 1067, section 451. "The property owner must submit his whole claim

for damages, for, if he neglects to submit any part of it, he will be deemed to have waived his right to that part, and no second process can be had for its recovery": 15 Cyc. 896.

The rule that what has been judicially determined once shall not again be the subject of litigation, extends to every question in the proceeding that was legally cognizable (Nernst Lamp Co. v. Hill, 243 Pa. 448), and a judgment entered is conclusive not only as to matters directly litigated and decided, but as to all matters of recovery and defense that might have been presented and decided (Dettra v. Phila., 245 Pa. 139; Opening of Second Avenue, 7 Pa. Superior Ct. 55; Oviatt v. Brownell, 221 Pa. 452; First National Bank v. Dissinger, 266 Pa. 349); this is true though the party complaining was injured by a failure to consider all cognizable matters, either through mistake (15 Cyc. 896) or legal error: Pulaski Avenue, 220 Pa. 276; American Express Co. v. Mullins, 212 U. S. 311.

Appellant insists that the claim here made is not res judicata, since the record shows that the court improperly limited the recovery in the first suit to the "poolfull" line, instead of the proper "low watermark," and refused, by its instructions, to permit a recovery for the land beyond; but, as already pointed out, the argument presented fails to consider that the appropriation was of all the property of the plaintiff to the harbor line, and, if there was an improper refusal to allow the jury to consider damages for a part, it was incumbent on the party injured to except, and secure in the ordinary legal course a correction of the error. The cases submitted by appellant have been examined with care, but we are of the opinion that the situation is more clearly met and answered by the ruling in Robinson v. Pennsylvania R. Co., 6 Pa. Superior Ct. 383, where the effort was made, in a second action, to recover damages for materials on land adjoining that previously condemned, than by any

of the authorities cited.   The first assignment of error is, therefore, overruled.

Appellants further contend that error was committed in the rejection of the statement of claim, offered to show that plaintiffs were the owners of the land upon which the alleged trespass was committed.   In this connection, it may be remarked that the extent of the "ownership," whether in fee, for life, or otherwise, was not shown by the rejected statement; but, without discussing the admissibility of the offer as made, it is sufficient to say that no harm could have been done to the plaintiffs through the ruling complained of, since their interests were fully disclosed by the title deeds offered and accepted in evidence.   The second assignment must likewise be overruled.

The judgment is affirmed.