## Eisaman Petition

Before Weiss, Sculco and Keim, JJ.

*T. R. Mahady*, for petitioner.

*Robert J. Milie*, for respondent.

WEISS, J., July 19, 1962.—On July 6, 1960, the Pennsylvania Turnpike Commission condemned 1.07 acres of land in Hempfield Township, Westmoreland

County, Pennsylvania. The land was condemned for the proposed expansion of the New Stanton Interchange of the Pennsylvania Turnpike. Thelma E. Eisaman, petitioner, is and was the owner of certain parcels of land which were condemned by the Pennsylvania Turnpike Commission. The Pennsylvania Turnpike Commission filed a bond which was accepted by Thelma E. Eisaman, and reads partially as follows:

"KNOW ALL MEN BY THESE PRESENTS that the Pennsylvania Turnpike Commission, an instrumentality of the Commonwealth of Pennsylvania, is held and firmly bound to pay unto Thelma E. Eisaman Obligee (whether singular or plural), such sum or sums as said Obligee may be found entitled to receive as damages incident to the entry upon and the taking possession of the herein described property, for the payment of which in lawful funds of the United States of America it does bind itself, its successors and assigns firmly by these presents."

Attached to the bond was a description of the 1.07 acres of land which were condemned by the Pennsylvania Turnpike Commission. Apparently, both prior to and after July 6, 1960, representatives of the Pennsylvania Turnpike Commission entered upon the land of Thelma E. Eisaman. They placed stakes thereon and surveyed the land for purposes of condemnation. On November 17, 1961, the Pennsylvania Turnpike Commission attempted to abandon and vacate the condemnation of the 1.07 acres of land and alleged that Thelma E. Eisaman was notified on November 28, 1961, of the abandonment. On January 5, 1962, the court, upon petition of Thelma E. Eisaman, appointed Harry V. Bair, John J. Kane and Joseph R. Cappy viewers. To date, the viewers have not acted in their appointed capacity. A petition to vacate the appointment of viewers was filed on behalf of the Pennsylvania Turnpike Commission. The matter is presently before the court en banc

upon the petition to vacate the appointment of the viewers.

The statutory authority for the condemnation by the Pennsylvania Turnpike Commission of land which they need for the improvement and construction of roadways is contained in the Act of May 21, 1937, P. L. 744, 36 PS §652 F. This section also provides a method of re-improvement for landowners whose property has been condemned. The method for ascertainment of the damages of an unsatisfied landowner is by the appointment of viewers. There are other independent sections of the State Highway System Act which deal with such roadways as the Pennsylvania Turnpike Philadelphia Loop Extension, Pennsylvania Turnpike Philadelphia Extension, Western Pennsylvania Turnpike Extension, Pocono Mountain Memorial Parkway, etc. For instance, in the Pennsylvania Turnpike Philadelphia Loop Extension Act of May 15, 1956, P.L. (1955) 1589, the law is stated in 36 PS §652.9. This section deals with condemnation procedures for this portion of our State highway system. It reads in part:

"The Commission, in its discretion, may vacate any portion or all of the land condemned either prior to or after physical entry upon the land or any part thereof and prior to final determination of damages. In such cases, the Commission shall be under no obligation to accept and pay for any property condemned and subsequently vacated: Provided, however, That in any such case, the court having jurisdiction of the suit, action or proceeding may make such orders as may be just to the Commission and to the owners of the property, and may require an undertaking or other security to secure such owners against any and all loss or damages occasioned to the owner from the time of the original condemnation to the time of the modification thereof, but neither such undertaking or security nor any act or obligation of the Commission shall impose

any liability upon the Commonwealth except such as may be paid from the funds provided under the authority of this act."

This section of the State Highway System Act very clearly states that the commission may vacate any portion of land condemned. Nowhere in the Pennsylvania Turnpike Act does it appear that the commission may vacate land condemned. Further, in the Pennsylvania Turnpike Philadelphia Loop Extension Act, as may be seen, the commission is required to secure the owners against any and all loss or damages occasioned from the time of the original condemnation to the time of the modification thereof. The Pennsylvania Turnpike Act contains no such provision. The argument of the Pennsylvania Turnpike Commission is that the procedure set forth under the Pennsylvania Turnpike Philadelphia Loop Extension Act should be adopted as the procedure for the Pennsylvania Turnpike Act. However constitutional it may be to allow a sovereign to condemn or take land, this constitutional privilege does not extend to the requiring of the condemned landowner to retake or repossess property originally condemned, unless there are legislative enactments such as appear in the Pennsylvania Turnpike Philadelphia Loop Extension Act.

There are no reported cases dealing directly with this question in relation to the Pennsylvania Turnpike portion of the State Highway System Act. In Ralston v. Equitable Gas Company, 70 Pa. Superior Ct. 188 (1918), it was stated that the right to compensation is vested in a landowner in condemnation proceedings at the time of the filing of the bond. It was further held that the corporation could not defeat the claim for damages or diminish the amount of damages by abandonment of the property by concession or by reconveyance. In Philadelphia Appeal, 364 Pa. 71 (1950), it is reiterated that a municipality which has appropriated

property for public use lacks power to abandon the condemnation without the consent of the former owner of the property. Also, in Lakewood Memorial Gardens, Inc., Appeal, 381 Pa. 46 (1955), the Supreme Court held that the date upon which the Turnpike Commission adopts its resolution fixing the extension of the turnpike and which sets forth the location of the proposed turnpike extension is the date as of which the damages to the owner accrue. These aforementioned cases are all indications that upon the filing of a bond by the Pennsylvania Turnpike Commission with the owner the land is actually possessed and the title in fee simple has gone out of the owner and into the Pennsylvania Turnpike Commission.

The only method or procedure for determination of damages for land which has been condemned by the Pennsylvania Turnpike Commission is by the appointment of viewers. This is the prescribed procedure of the State legislature and the courts are without power to disturb it. Therefore, the petition to vacate the appointment of viewers shall be dismissed.

### Order

And now, July 19, 1962, after due and careful consideration, it is ordered, adjudged and decreed that the petition to vacate the appointment of viewers should be and the same is hereby dismissed.